UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LEONARD KAHN,

                Plaintiff,

  -against-

GEE BROADCASTING, INC.

                Defendant.[1]
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
07-CV-1875 (ENV)

**VITALIANO**, United States District Judge:

On April 30, 2007, Leonard Kahn, a resident of New York, filed this action *pro se* as a "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim," seeking to transfer a breach of contact complaint pending against his company, Kahn Communications, Inc., in Virginia state court to this court. Although Kahn paid the filing fee to bring a civil action, his application is construed as a notice of removal pursuant to 28 U.S.C. §§ 1441-1446 and is denied for the reasons discussed below.

## BACKGROUND

On April 2, 2007, Kahn filed an almost identical action for a "Motion for Change of Venue & Counterclaim," seeking to transfer or remove the same breach of contract complaint from Virginia state court to this court. See Kahn v. Gee Broadcasting, No. 07-CV-1370 (ENV) (LB). On April 19, 2007, Magistrate Judge Lois Bloom construed that action as an application for removal pursuant to 28 U.S.C. § 1441 and denied the application.

---

[1] This action was mistakenly opened listing Leonard R. Kahn as the plaintiff and Gee Broadcasting, Inc., as the defendant; the caption should be as it appears in the Circuit Court for the City of Richmond, Virginia: Gee Communications, Inc., Plaintiff, v. Kahn Communications, Inc., Defendant.

As discussed at length in Judge Bloom's April 19, 2007 Memorandum and Order, in January 2007, Gee Broadcasting, a Virginia corporation, filed a breach of contract and breach of warranties action against Kahn Communications, Inc. in the City of Richmond Circuit Court. ("Gee Compl. attached to Kahn's "motion"). According to that complaint, Gee Communications ("Gee") is a Virginia corporation which previously operated AM radio station WXGI in Richmond, Virginia. See Gee Compl. at 1. On December 26, 2005, Leonard Kahn, doing business as Kahn Communications ("Kahn"), sold Gee a device called a "Gam-D Box" together with a "STR-84 Exciter" ("the equipment") for $41,000. Gee Compl. at ¶ 4. Gee alleges that Kahn made material and fraudulent misrepresentations to Gee and that the equipment Kahn sold to Gee was not merchantable. Gee Comp. at ¶¶ 12-16. Gee further alleges that on or about April 14, 2006, Gee sought a remedy of the problem from Kahn or the return of the purchase price. Gee alleges that Kahn did not remedy the situation or return Gee's money. Gee Compl. at ¶¶ 17-18. Gee seeks damages in the amount of $1,143,000. Gee Compl. at ¶ 25. Kahn once again seeks to transfer or remove the Richmond Virginia case to this court. For the reasons stated in Judge Bloom's April 19, 2007 Order, Kahn's instant motion is denied.

## DISCUSSION

In Judge Bloom's Order, she noted that although Kahn paid the $350 statutory filing fee to bring a civil action, he is not entitled to proceed *pro se* in federal court. Once again, Kahn brings this action under the name Leonard R. Kahn, but the state court action in Virginia was filed against Kahn Communications, Inc., not against Kahn individually. See Gee Compl. A *pro se* plaintiff such as Kahn, who is not a licensed attorney, may not represent the interests of another individual or corporate entity in a civil proceeding. See, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir.

1997) ("[A]ppearance *pro se* denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear *pro se* the cause of another person or entity"). Thus, as Judge Bloom discussed, corporate plaintiffs, such as Kahn Communications, Inc., cannot proceed *pro se*. See Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 20, 22 (2d Cir. 1986); see also Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) (citations omitted) ("28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). In Kahn's instant motion, Kahn argues that he should be allowed to proceed *pro se* because

> Kahn cannot afford the time or money to brief a skilled litigator, who would want to use his own experts, who are probably not expert in the very arcane specialty of hybrid digital AM/FM transmission, and also reception technology, making such an arrangement clearly not to be in Kahn's best interests, especially since Kahn is willing to work at least 15 hours per day every day in the year at least until this Honorable Court proves to these out of state arrogant entities that New York citizens are fully protected from baseless cases that cost over $300,000.00 to defend a trumped up suit over a $41,000.00 device invented, developed, sold and built by New Yorkers.

Kahn April 30, 2007 motion at 4, ¶ (c). Kahn's arguments are unavailing and the Court finds that Kahn is not entitled to proceed *pro se*.

Regardless, even if Kahn Communications, Inc., was not attempting to proceed *pro se*, this Court finds no basis for this action to proceed in this court. A civil action may be removed from state court to federal court when the removing party complies with the procedure established by Congress. See 28 U.S.C. §§ 1441-1452. A case that has been removed other than in accordance with the requirements of the removal statute may be remanded to state court. See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993) (per curiam). The burden of establishing that a case has been properly removed rests solely on the removing party. Murray v. Deer Park Union Free Sch.

Dist., 154 F.Supp.2d 424, 425-26 (E.D.N.Y. 2001). Once again, Kahn has not met that burden.

This Court has no jurisdiction to "transfer" or "remove" a case pending in the City of Richmond Circuit Court. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, as Kahn was previously advised, any application for removal by Kahn should be made to the United States District Court for the Eastern District of Virginia, not to this court.

## CONCLUSION

Accordingly, Kahn's "Motion to Transfer in View of Diversity of Citizenship and Erroneous Venue and Counterclaim" is denied. The Clerk of Court shall close this case.

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
MAY 2 5 2007

4